# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

| | |
|---|---|
| MIRIAM L DANNA | CIVIL ACTION NO. 16-71 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| MATT PURGERSON, ET AL | MAGISTRATE JUDGE HAYES |

## MEMORANDUM RULING

Pending before the Court is a Motion for Summary Judgment [Record Document 42] filed by Defendants, Caddo Parish Sheriff Steve Prator, Detective Matt Purgerson, Detective Keith Fox, and Detective Leonard Scoggins, which prays for this Court to dismiss all claims brought by Plaintiff, Miriam L. Danna, with prejudice. Upon consideration of the briefs filed by the parties and for the reasons stated below, Defendants' Motion for Summary Judgement is **GRANTED.**

## BACKGROUND

On January 2, 2015, Plaintiff, her son, and her two grandchildren went to a Dairy Queen restaurant in Shreveport, Louisiana. While at the checkout counter, Plaintiff picked up a wallet that did not belong to her and placed it in her purse. Record Document 48-7. She claims that once she realized the wallet did not belong to her or her son, the wallet was given to an employee at the restaurant. Id. It was later discovered that the wallet belonged to Gerald Smith ("Smith"). Smith reported that he had been in the Dairy Queen

on January 2, 2015, and that $153.00 had been stolen from his wallet.[1] Record Document 42-2, p. 1. He reported that he left the wallet on the counter and that it was returned to him the next day, but that all of the money from the wallet had been removed. Id. at p. 1-2.

Detective Matthew Purgerson of the Caddo Parish Sheriff's Office was assigned to the case. Id. at p. 1. On January 16, 2015, Detective Purgerson, along with Detective Fox and Detective Scoggins, viewed surveillance footage from the Dairy Queen which showed Smith leaving his wallet on the counter and Plaintiff picking up the wallet and placing it in her purse. Id. at p. 2. The video also showed that the wallet was later given to a cashier. Detective Purgerson interviewed the cashier and a Dairy Queen manager. Record Document 42-2, p. 3. Detectives Purgerson and Fox also interviewed Plaintiff, and a decision was made to arrest her for theft. See Record Document 48-1.

A trial was held in state court in September 2015, and Plaintiff was found not guilty. She then filed this suit under 42 U.S.C. § 1983 and state law alleging false arrest, excessive force, and malicious prosecution. Defendants assert qualified immunity and move for summary judgment on all of Plaintiff's claims.

---

[1] The Court notes that Plaintiff denies "as written" some of the statements in Defendants' Statement of Undisputed Facts [Record Document 42-2]. Record Document 62. To the extent Plaintiff does not deny that certain acts occurred (for example, that a report was made), the Court accepts these facts as true. Plaintiff's "denials" are largely commentary which is non-responsive to whether a particular act occurred.

## STANDARD

Federal Rule of Civil Procedure 56(a) directs that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] Summary judgment is appropriate when the pleadings, answers to interrogatories, admissions, depositions, and affidavits on file indicate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When the burden at trial will rest on the non-moving party, the moving party need not produce evidence to negate the elements of the non-moving party's case; rather, it need only point out the absence of supporting evidence. See Celotex, 477 U.S. at 322-323.

If the movant satisfies its initial burden of showing that there is no genuine dispute of material fact with the motion for summary judgment, the nonmovant must demonstrate that there is, in fact, a genuine issue for dispute at trial by going "beyond the pleadings" and designating specific facts for support. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). "This burden is not satisfied with 'some metaphysical doubt as to the material facts,'" by conclusory or unsubstantiated allegations, or by a mere scintilla of evidence. Id. (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)). However, "[t]he evidence of the non-movant is to be believed, and all

---

[2] Rule 56 was amended effective December 1, 2010. Per the comments, the 2010 amendment was intended "to improve the procedures for presenting and deciding summary judgment motions and to make the procedures more consistent with those already used in many courts. The standard for granting summary judgment remains unchanged." Therefore, the case law applicable to Rule 56 prior to its amendment remains authoritative, and this Court will rely on it accordingly.

justifiable inferences are to be drawn in his favor." <u>Anderson v. Liberty Lobby, Inc.,</u> 477 U.S. 242, 255 (1985) (internal citations omitted); <u>Reid v. State Farm Mut. Auto Ins. Co.,</u> 784 F.2d 577, 578 (5th Cir. 1986) (the court must "review the facts drawing all inferences most favorable to the party opposing the motion"). While not weighing the evidence or evaluating the credibility of witnesses, courts should grant summary judgment where the critical evidence in support of the nonmovant is so weak and tenuous that it could not support a judgment in the nonmovant's favor. <u>Little</u>, 37 F.3d at 1075.

Additionally, Local Rule 56.1 requires the moving party to file a statement of material facts as to which it contends there is no genuine issue to be tried. Pursuant to Local Rule 56.2, the party opposing the motion for summary judgment must set forth a "short and concise statement of the material facts as to which there exists a genuine issue to be tried." All material facts set forth in the statement required to be served by the moving party "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." Local Rule 56.2.

<b><u>LAW AND ANALYSIS</u></b>

**A.   Federal Claims**

**1.   Individual Capacity Claims**

Defendants have asserted qualified immunity.   Qualified immunity protects government officials performing discretionary functions "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." <u>Pearson v. Callahan</u>, 555 U.S. 223, 231

(2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). There are two steps to a qualified immunity analysis: (1) whether the facts make out a violation of a constitutional right; and (2) whether the right was "clearly established" at the time of the alleged violation. Id. at 232 (citing Saucier v. Katz, 533 U.S. 194, 201 (2001)). Once asserted, the plaintiff carries the burden of demonstrating that qualified immunity is inapplicable. Poole v. City of Shreveport, 691 F.3d 624, 627 (5th Cir. 2012) (quoting Brumfield v. Hollins, 551 F.3d 322, 326 (5th Cir. 2008)). "This standard, even on summary judgment, 'gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law.'" Id.

### a.    False Arrest

Plaintiff brings her false arrest claim against Purgerson, Fox, and Scoggins. "The constitutional claim of false arrest requires a showing of no probable cause." Club Retro, L.L.C. v. Hilton, 568 F.3d 181, 204 (5th Cir. 2009). Probable cause exists when there are "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." Id. (quoting Piazza v. Mayne, 217 F.3d 239, 245–46 (5th Cir. 2000). The relevant facts are those known to the officer at the time of the arrest. Id.

Law enforcement officers are entitled to immunity even when they "reasonably but mistakenly conclude that probable cause is present." Club Retro, 568 F.3d at 206 (quoting Mendenhall v. Riser, 213 F.3d 226, 230 (5th Cir. 2000)). For immunity to be lost, there

must not even "arguably" be probable cause. Brown v. Lyford, 243 F.3d 185, 190 (5th Cir. 2001). "[I]f officers of reasonable competence could disagree on this issue, immunity should be recognized." Mendenhhall, 213 F.3d at 230 (quoting Babb v. Dorman, 33 F.3d 472, 477 (5th Cir. 1994)).

In this case, the facts available to the defendant officers at least arguably provided them with probable cause to arrest Plaintiff for theft.[3] It is undisputed that a complaint was made to the Sheriff's Office regarding a theft that occurred at the Dairy Queen restaurant. The alleged victim, Smith, reported that he left his wallet on the counter and when it was returned to him, all of the money in the wallet had been removed. Record Document 42-2, p. 1-2; 62, p. 1-2. The detectives viewed surveillance video from the Dairy Queen on the day Smith claimed to have left his wallet. The video captured Smith leaving his wallet on the counter, and Plaintiff placing her purse next to the wallet. See Manual Attachment, Record Document 48-19, File 20150102160413 at 03:36. Plaintiff is then seen picking up the wallet and placing it in her purse. Id. at 04:08; Record Document 42-4, Video 1 at 04:04. The wallet and purse are absent from the camera frame for some time. Record Document 48-19, File 20150102160413 at 04:54; see also id., File 20150102160913. The detectives were able to identify Plaintiff as the woman seen in the video placing the wallet into her purse. When interviewed by detectives, Plaintiff admitted

---

[3] Under Louisiana law, "Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential." La. R.S. 14:67(A).

that she was at the Dairy Queen, found a wallet in her purse that did not belong to her, and turned the wallet over to employees at the restaurant. Record Document 48-1, p. 1-2. Plaintiff did not remember picking up the wallet, and told detectives that she must have done so subconsciously. Id. at p. 5-6. She denied taking money from the wallet. Id. at p. 4. Detective Purgerson interviewed both the cashier who was working at the restaurant on the day of the incident, Tisha Hood ("Hood"), and a restaurant manager, Veronica Norman. Record Document 42-2, p. 3. Hood reported to Detective Purgerson that there was no money in the wallet when she received it. Id. at p. 3.

Plaintiff challenges the credibility of Smith and Hood, and argues that the detectives failed to eliminate other suspects before arresting her. As to credibility determinations, the Court cannot say that all reasonable officers should have discredited the reports of Smith and Hood. See Brown, 243 F.3d at 190. While the Court is sympathetic to Plaintiff's plight, the law does not require officers to be perfect or err on the side of caution out of fear of being sued. Martin v. Thomas, 973 F.2d 449, 453 (5th Cir. 1992). Instead, they are required to make a reasonable determination as to whether probable cause exists. Id. In fact, "Whether the crime actually occurred or whether a suspect is eventually convicted is irrelevant to the probable cause analysis." Morris v. Dillard Dep't Stores, Inc., 277 F.3d 743, 757 n.10 (5th Cir. 2001). Here, based on the facts known to the detectives at the time of the arrest, a reasonable officer could believe that Plaintiff took the wallet with the intent to deprive Smith of its contents. Accordingly, because probable cause existed to

arrest Plaintiff for theft, Defendants are entitled to qualified immunity for Plaintiff's false arrest claim.

### b.  Excessive Force

Plaintiff's excessive force claim is based on her allegations that two unnamed deputies handcuffed her too tightly. Record Document 1, p. 6. These two deputies have since been dismissed from this suit. Record Document 46. Additionally, Plaintiff does not claim injury from being handcuffed. Record Document 62, p. 5. Specifically, when asked about the incident at her deposition, Plaintiff responded, "I do not claim to have any injury from being handcuffed, but I did have marks on my hands for two to three days afterwards." Record Document 42-7, p. 65. The Fifth Circuit has held that "bruising as a result of handcuffing too tightly, without more, does not amount to excessive force." Stephenson v. McClelland, 632 F. App'x 177, 184 (5th Cir. 2015) (citing Glenn v. City of Tyler, 242 F.3d 307, 314 (5th Cir. 2001); see also Lockett v. New Orleans City, 607 F.3d 992, 999 (5th Cir. 2010) ("Lockett's claim boils down to an allegation that the handcuffs were too tight. Such a claim, without more, does not constitute excessive force . . . ."). Accordingly, summary judgment is appropriate as to Plaintiff's excessive force claim.

### c.  Malicious Prosecution

Plaintiff brings a claim of malicious prosecution against all Defendants, alleging that they violated her Fourth Amendment rights by prosecuting her for an offense instigated without probable cause. Record Document 1, p. 7. There is no "freestanding constitutional right to be free from malicious prosecution." Castellano v. Fragozo, 352 F.3d 939, 945 (5th

Cir. 2003); see also Cuadra v. Houston Indep. Sch. Dist., 626 F.3d 808, 812 (5th Cir. 2010). Instead, Plaintiff's claim is merely a reiteration of her previous allegations: that she was prosecuted after an arrest for which there was no probable cause. This Court has already determined that probable cause existed for Plaintiff's arrest. Thus, Defendants are entitled to qualified immunity for this claim.

## 2. Official Capacity Claims

Plaintiff asserts her claims against Purgerson, Fox, and Scoggins in their individual and official capacities. Record Document 1. A suit against a government official in his official capacity is essentially a suit against the entity of which the officer is an agent, and a victory in an official-capacity suit imposes liability on the entity the officer represents. Burge v. Parish of St. Tammany, 187 F.3d 452, 468 (5th Cir. 1999) (quoting McMillian v. Monroe Cnty., Ala., 520 U.S. 781, 785 (1997)); see also Harris v. Bryant, 204 F. App'x 411, 412 (5th Cir. 2006) ("The claims against Bryant in his official capacity are treated as claims against the county itself."). In Monell v. Department of Social Services, the Supreme Court explained that while municipalities and other local government units cannot be held liable under section 1983 on a respondeat superior theory, they may be held liable for injury inflicted through a policy or custom. Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978). Here, Plaintiff has not identified any challenged policy or custom which caused her injury, and has not shown any underlying constitutional violation. See Murray v. Town of Mansura, 76 F. App'x 547, 549 (5th Cir. 2003); Thomas v. Murray, 251 F.3d 156 (5th Cir. 2001) ("[A] municipality cannot be held liable for damages based on the

actions of one of its employees if such employee inflicted no constitutional harm." (citing City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986))). Accordingly, summary judgment is proper as to Plaintiff's official capacity claims.[4]

## B.   State Law Claims

Plaintiff brings the same three claims of false arrest, excessive force, and malicious prosecution under state law.

### 1.   False arrest

Under Louisiana law, a claim for false arrest requires (1) detention of the person, and (2) the unlawfulness of the detention. Richard v. Richard, 2011-0229 (La. 10/25/11), 74 So. 3d 1156, 1159. It is undisputed that Plaintiff was detained; therefore, the only issue is whether the detention was lawful. Under Louisiana law, a peace officer may lawfully arrest a person without a warrant when the officer has reasonable cause to believe that the person has committed an offense. Bellanger v. Webre, 2010-0720 (La. App. 1 Cir. 5/6/11), 65 So. 3d 201, 209 (citing La. Code Crim. P. art. 213(1) & (3)). "Reasonable cause" is equivalent to the federal constitutional standard of "probable cause." State v. Fisher, 97-1133 (La. 9/9/98), 720 So. 2d 1179, 1186 n.4 (citing State v. Weinberg, 364 So. 2d 964, 969 (La. 1978)); see also Bellanger, 65 So. 3d at 209.[5] Because this Court has

---

[4] The Court also notes Plaintiff's admission that she "has no evidence to oppose dismissal of the Sheriff under Section 1983." Record Document 48, p. 8.

[5] The Louisiana Supreme Court has further elaborated:

The determination of probable cause, although requiring something more than bare suspicion, does not require evidence sufficient to support a conviction. Probable cause, as the very name implies, deals with

already determined that probable cause existed for Plaintiff's arrest, summary judgment is proper as to this claim.

## 2.    Excessive Force

Under Louisiana law, an officer may use reasonable force to effect an arrest, but "if the officers use unreasonable or excessive force, they and their employer are liable for any injuries which result." Kyle v. City of New Orleans, 353 So. 2d 969, 972 (La. 1977) (citations omitted). Here, not only has Plaintiff failed to respond to Defendants' summary judgment arguments challenging her excessive force claim, she also admits that she did not suffer injury due to being handcuffed. Record Document 62, p. 5.[6] Accordingly, summary judgment is proper as to Plaintiff's excessive force claim under state law. See Mathieu v. Imperial Toy Corp., 94-0952 (La. 11/30/94), 646 So. 2d 318, 321-22 (analyzing an excessive force claim through application of the duty/risk analysis, which requires injury).

---

probabilities. The determination of probable cause, unlike the determination of guilt at trial, does not require the fine resolution of conflicting evidence that a reasonable doubt or even a preponderance standard demands, and credibility determinations are seldom crucial in deciding whether the available evidence supports a reasonable belief that the person to be arrested has committed a crime.

State v. Simms, 571 So. 2d 145, 148–49 (La. 1990) (internal citations omitted).

[6] It further appears that Plaintiff may have abandoned her excessive force claim altogether. See Record Document 62, p. 5 ("[Plaintiff] did suffer some pain from the handcuffs but makes no use of force claim.").

### 3. Malicious Prosecution

A successful claim for malicious prosecution under Louisiana law requires a finding of the absence of probable cause for a criminal proceeding. <u>Miller v. E. Baton Rouge Parish Sheriff's Dep't</u>, 511 So. 2d 446, 452 (La. 1987) (citations omitted). Because there was probable cause for Plaintiff's arrest, this claim fails. <u>See</u> <u>id.</u>

### 4. Vicarious Liability

Finally, Plaintiff asserts a claim of vicarious liability against the Sheriff of Caddo Parish, Steve Prator. Under Louisiana law, "an employer is liable for its employee's torts committed if, at the time, the employee was acting within the course and scope of his employment." <u>Timmons v. Silman</u>, 1999-3264 (La. 5/16/00), 761 So. 2d 507, 510; <u>see</u> La. Civ. Code art. 2320. If there is no underlying tort, there can be no basis for the imposition of vicarious liability. <u>See, e.g.</u>, <u>Mathieu v. Imperial Toy Corp.</u>, 94-0952 (La. 11/30/94), 646 So. 2d 318. Accordingly, summary judgment is proper as to Plaintiff's vicarious liability claim.

### CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment is **GRANTED**. A judgment consistent with this ruling will issue herewith.

**THUS DONE AND SIGNED** this /  day of November, 2017 in Shreveport, Louisiana.

_____
ELIZABETH E. FOOTE
UNITED STATES DISTRICT JUDGE